CHAMPION SPARK PLUG COMPANY, APPELLANT, *v.*
LINDLEY, TAX COMMR., APPELLEE.

[Cite as Champion Spark Plug Co. *v.* Lindley (1983), 6 Ohio St. 3d 56.]

(No. 82-1358—Decided July 20, 1983.)

*Messrs. Gressley, Kaplin & Parker, Mr. Lynn H. Gressley* and *Mr. Richard R. Malone,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Mark A. Engel,* for appellee.

*Per Curiam.* The sole issue before this court is whether the Board of Tax Appeals' decision affirming the Tax Commissioner's assessment based on the FIFO method of accounting, was unreasonable or unlawful.

R.C. 5711.21 states in pertinent part:

"* * * Whenever any taxable property is required to be assessed at its true value in money * * *, the assessor shall be guided by the statements contained in the taxpayer's return *and* such other rules and evidence as will enable the assessor to arrive at such true value. * * *" (Emphasis added.)

Appellant argues that the book value listed on its personal property tax return using the LIFO method of valuing inventories, constitutes prima facie evidence of true value which the appellee must either accept or overcome through the production of evidence to the contrary.

With respect to this argument, we find the second paragraph of the syllabus in *Youngstown Sheet & Tube Co.* v. *Kosydar* (1975), 44 Ohio St. 2d 96 [73 O.O.2d 353], to be dispositive, where this court stated that:

"* * * the taxpayer's book value of its inventory is merely evidence of true value and will be taken as prima facie evidence of true value *only when* the Tax Commissioner has failed to find that such book value is greater or less than true value in money of such property." (Emphasis added.)

Appellee cites *R.H. Macy Co., Inc.* v. *Schneider* (1964), 176 Ohio St. 94 [26 O.O.2d 440], for the proposition that appellant's method of accounting and the value of inventory practices resulting therefrom may be disregarded when the inventory practices upon which it is based are not representative of

appellant's actual inventory practices. In *Macy,* it was determined that the LIFO method of accounting produced less representative results than an alternative method used by the Tax Commissioner. In upholding the determination made by the Tax Commissioner, this court stated that: "* * * the LIFO method can give rise to an unrealistic picture of inventory value." *Id.* at 97.

Appellant contends that *Macy* is distinguishable, because that case dealt with the valuation of inventory of a retail merchant. However, we find this argument to be positing a distinction without a difference.

In the case *sub judice,* appellant used the LIFO method of accounting which assumes that the last items placed in inventory will be the first items sold. Although neither the LIFO nor the FIFO method is perfectly accurate, a careful review of the record indicates that the assumption upon which LIFO is based is generally less consistent with the actual inventory practices used by Baron. Moreover, according to the testimony of Baron's treasurer and controller, at least eighty-five percent of its inventory turns over in a manner consistent with the assumption upon which the FIFO method is based.

Inasmuch as "* * * the ultimate goal of the assessment * * * [is] a determination of the true value of the property," *Macy, supra,* at 96, we find that the Tax Commissioner's application of the FIFO method was entirely reasonable, and that the record contains sufficient probative evidence to support the decision of the Board of Tax Appeals.

Accordingly, we find the decision of the Board of Tax Appeals to be neither unreasonable nor unlawful, and it is hereby affirmed.

*Decision affirmed.*

CELEBREZZE, C.J., COOK, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., dissents.

COOK, J., of the Eleventh Appellate District, sitting for W. BROWN, J.